FORET, Judge.
Plaintiff and appellant, Kenneth David Jones, appeals from a judgment in favor of Ezeb Chevalier, defendant and appellee herein.
Jones brought this action, alleging that Chevalier was liable to him for what appears to be a claim for breach of an illegal contract. Jones claims that Chevalier was responsible for his arrest and ensuing damages because Chevalier did not warn him of the police investigation into his activities, as agreed.
Chevalier filed an exception of no cause of action in response to Jones’ petition, which was granted by the trial court.
By this appeal, Jones contends that he was not given notice of the hearing, and an opportunity to present evidence at the hearing on the exception of no cause of action. The record supports his contention. Although the record contains a notice of the hearing on the exception, the record does not reflect that Jones was personally served pursuant to La.C.C.P. art. 1314 and 1231, et seq.
Jones was not prejudiced by the lack of notice because evidence may not be introduced to support or controvert the exception of no cause of action. La.C.C.P. art. 931. Nor was Jones entitled to notice as a matter of constitutional due process: the failure to disclose a cause of action is a peremptory objection which may be noticed by either the trial or the appellate court on its own motion. La.C.C.P. art. 927. When either the trial or the appellate court notices the failure to disclose a cause of action, no hearing is required. Conversely, when notice is not given and no hearing is conducted, it must be presumed that the court, in granting the exception, has acted on its own motion.
Moreover, a contract which violates a rule of public order, as does this alleged agreement, is absolutely null, and unenforceable. La.C.C. art. 2030. The absolute nullity of such a contract may be declared by the court on its own initiative. Id.
The trial court’s judgment was proper.
The judgment is affirmed at appellant s costs.
AFFIRMED.