995 So.2d 32 (2008)
CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE
v.
200 GOVERNMENT STREET, LLC & Tropicana Entertainment, LLC.
No. 2008 CA 0510.
Court of Appeal of Louisiana, First Circuit.
September 23, 2008.
*34 E. Wade Shows, Mary E. Roper, Cynthia C. Bohrer, Gwendolyn K. Brown, Baton Rouge, LA, for Plaintiff/Appellant, City of Baton Rouge/Parish of East Baton Rouge.
John L. Degeneres, Jr., Kimberly Slay Morgan, Baton Rouge, LA, for Defendant/Appellee, 200 Government Street, LLC.
Before KUHN, GUIDRY, and GAIDRY, JJ.
GUIDRY, J.
The City of Baton Rouge/Parish of East Baton Rouge (City/Parish) appeals a judgment denying its request for preliminary and permanent injunctions prohibiting defendants from maintaining a sign painted on the wall of a building located within the Downtown Development District. For the following reasons, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
The sign in question is painted directly onto the exterior wall of the building located at 200 Government Street, Baton Rouge, Louisiana. The building is owned by 200 Government Street, LLC. The sign consists of the words "BELLE OF BATON ROUGE CASINO" and a large directional arrow. Additionally, the telephone number for a gambler's help line is included at the bottom of the sign.
Lance Degeneres, who owns an interest in 200 Government Street, LLC, testified at trial that a similar sign was painted on the wall when the building was purchased in 2004. However, at some point he noticed the sign had been painted over. Since the Belle of Baton Rouge Casino *35 (the Belle) was the lessee of the wall space, he contacted the Belle's general manager about the matter. According to Degeneres, the manager told him the sign was painted over because the Belle had been advised by the City/Parish that the Belle would not receive a building permit it was seeking for a parking garage as long as the sign remained on the building. Nevertheless, the Belle continued to make the agreed lease payments until the lease expired nearly a year later.
At that time, Degeneres inquired whether the Belle wished to continue the lease and was told it would if he could get approval for the sign from the City/Parish. In an effort to do so, Chris Remson, who also owned an interest 200 Government Street, LLC, obtained a letter from Pete Newkirk, director of the City-Parish Department of Public Works (DPW) regarding the sign. The letter, which was dated June 25, 2007, advised that, since Unified Development Code (U.D.C.) § 16.4 did not require permits for painted wall signs and DPW had no record of any violations of City/Parish codes, it was Newkirk's opinion that the sign at 200 Government Street was in compliance with current City/Parish codes. After being advised of the letter, the Belle entered into a new lease for the wall space at 200 Government Street and the sign was repainted. The lease also included a small interior space within the building to be used by the Belle for storage purposes.
Thereafter, the Inspection Division of the DPW received a complaint concerning the sign. After an investigation, Neal Bezet, the complaint manager for the Inspection Division, issued a violation letter, dated November 28, 2007, indicating the sign violated U.D.C. § 16.15. That particular section of the United Development Code prohibits off-premise outdoor advertising signs within the geographic boundaries of the Baton Rouge Downtown Development District. It is undisputed that the building is located within the Downtown Development District. The letter indicated the violation should be removed no later than December 5, 2007.
When the sign was not removed, the City/Parish filed a petition seeking preliminary and permanent injunctions ordering defendants, 200 Government Street, LLC and Tropicana Entertainment, LLC (the owner of the Belle), to cease from maintaining the sign in violation of the Unified Development Code. Following a hearing, the trial court denied the City/Parish's request for injunctive relief, concluding the mural painted on the wall was not an off-premise outdoor advertising sign. The court further concluded the City/Parish granted permission for the sign and defendants relied on that permission in entering into their lease. The City/Parish appeals, arguing the trial court's conclusion that the sign was not an off-premise outdoor advertising sign, as well as its conclusion that the City/Parish granted permission for the sign, lacked any evidentiary or legal basis.

DISCUSSION
An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. La. C.C.P. art. 3601 A. Normally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury, loss, or damage if the injunction does not issue and must show entitlement to the relief sought; this must be done by a prima facie showing that the party will prevail on the merits of the case. State Machinery & Equipment Sales, Inc. v. Iberville Parish Council, 05-2240, pp. 3-4 (La.App. 1st Cir.12/28/06), 952 So.2d 77, 80-81. However, a showing *36 of irreparable harm is not required in cases where the conduct sought to be restrained is unlawful, such as when the conduct constitutes a direct violation of a prohibitory law. State Machinery, 05-2240 at p. 4, 952 So.2d at 81.
Generally, an injunction will issue only in its prohibitory form, but when a defendant obstructs the plaintiff in the enjoyment of a real right, the latter may be entitled to a prohibitory injunction restraining the disturbance and also to a mandatory injunction for the removal of the obstruction or to undo what has been illegally done. Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa, 04-0270, pp. 6-7 (La.App. 1st Cir.3/24/05), 906 So.2d 660, 664. A mandatory injunction is one that commands the doing of some action, and cannot be issued without a hearing on the merits. Further, since the jurisprudence has established that a mandatory preliminary injunction has the same basic effect as a permanent injunction, it may not be issued on merely a prima facie showing that the party seeking the injunction can prove the necessary elements. Instead, the party seeking a mandatory injunction must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction. Concerned Citizens, 04-0270 at p. 7, 906 So.2d at 664. Likewise, a permanent injunction may be issue only after a trial on the merits at which the burden of proof is a preponderance of the evidence. State Machinery, 05-2240 at p. 4, 952 So.2d at 81.
Whether to grant or deny a preliminary injunction lies within the sound discretion of the trial court. Absent a clear abuse of this discretion, the trial court's ruling will not be disturbed on appeal. Concerned Citizens, 04-0270 at p. 5, 906 So.2d at 663. The issuance of a permanent injunction is reviewable under the manifest error standard. State Machinery, 05-2240 at p. 4, 952 So.2d at 81.
In the present case, the City/Parish contends it is entitled to mandatory preliminary and permanent injunctions prohibiting defendants from maintaining the Belle sign because the sign is illegal under U.D.C. § 16.15. Under this provision, off-premise outdoor advertising signs are not permitted within the Downtown Development District. As previously noted, it is undisputed that the sign is located within the Downtown Development District. Thus, the dispositive issue is whether the sign constitutes an off-premise outdoor advertising sign as defined by the Unified Development Code. If so, the City/Parish would be entitled to the injunctive relief sought since there is no requirement that irreparable harm be shown if the conduct sought to be restrained is unlawful or constitutes a direct violation of a prohibitory law. See State Machinery, 05-2240 at p. 4, 952 So.2d at 81.
The City/Parish acknowledges that painted wall signs are generally permissible and do not require a permit under U.D.C. § 16.4. Nevertheless, the City/Parish asserts the Belle sign is illegal under the more specific provisions of U.D.C. § 16.15, which prohibits off-premise outdoor advertising signs within the boundaries of the Downtown Development District. The City-Parish further contends that, although the letter written by the DPW director unfortunately may have led defendant to believe the sign was permissible, that fact does not alter the requirements of the Unified Development Code.
The prohibition of U.D.C. § 16.15 is applicable only to signs that are both off-premise signs and outdoor advertising signs. The Unified Development Code defines an "outdoor advertising sign" as follows:

*37 [A] type of sign, generally, but not limited to, a rigidly assembled sign, display, or device, usually freestanding, that is affixed to the ground or to a building, the primary purpose of which is to display advertising posters.
The City/Parish contends the Belle sign meets this definition because its purpose is to advertise the Belle casino. It asserts the sign is also an "off-premise sign" because it directs potential patrons to gaming operations at a site other than 200 Government Street, where the sign is located. In opposition, defendant argues the Belle sign, which is a painted wall sign, does not meet the definition of an outdoor advertising sign because it is not rigidly assembled, is neither freestanding nor affixed to the ground, is not a sign structure affixed or attached to a wall, and its primary purpose is not to display advertising posters. It further contends the sign is not an off-premise sign because the Belle leases interior space within the building where it conducts a portion of its business.
The interpretation of a statutory provision starts with the language of the provision itself. Sabine Parish Police Jury v. Commissioner of Alcohol & Tobacco Control, 04-1833, p. 9 (La.4/12/05), 898 So.2d 1244, 1250. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the meaning of ambiguous words must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. arts. 10 and 12; Sabine, 04-1833 at p. 9, 898 So.2d at 1250. However, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of legislative intent. La. C.C. art. 9; Sabine, 04-1833 at p. 9, 898 So.2d at 1250.
The City/Parish relies on the U.D.C. § 16.15 prohibition against off-premise outdoor advertising signs within the Downtown Development District to establish its right to injunctive relief. However, based on our review of the pertinent provisions of the Unified Development Code, we find no error in the trial court's judgment. The Belle sign does not meet the definition of an outdoor advertising sign as specifically delineated in the Unified Development Code. One of the essential characteristics of an outdoor advertising sign as defined in the code is that its primary purpose be to display advertising posters. The Belle sign consists of paint applied directly to the wall of a building. It is not the type of sign that has as its primary purpose the display of advertising posters. In fact, it is not the type of sign that is capable of being utilized in that manner at all. The codal definition clearly envisions a type of sign structure or device of an entirely different nature than a sign painted directly on the wall of a building. Thus, we agree with trial court's conclusion that the Belle sign is not a prohibited outdoor advertising sign and, therefore, is permissible under the Unified Development Code.[1]
We also find no merit in the City/Parish's contention that, as the agency responsibility for administering the Unified Development Code, its interpretation *38 of the code should prevail. First, the interpretation of the code that the City/Parish urges herein appears inconsistent with the position stated in the letter written by the director of DPW only months before the instant proceedings were filed. While the letter does not make specific reference to U.D.C. § 16.15, it includes the broad conclusion that "it is the opinion of this office the sign is in compliance with current City/Parish codes and ordinances." Thus, the City/Parish has not established that it has consistently interpreted and applied the code in the manner it now urges, such that its interpretation is entitled to great weight. See Board of Trustees of State Employees Group Benefits Program v. St. Landry Parish Board, 02-0393, p. 17, (La.App. 1st Cir.2/14/03), 844 So.2d 90, 100, writ denied, 03-0770 (La.5/9/03), 843 So.2d 404. Moreover, while the administrative construction given to a statute by the agency responsible for its implementation may be a persuasive indication of its true meaning in some instances, an administrative interpretation cannot be given weight where it is contrary to or inconsistent with the statute. See Board of Trustees, 02-0393 at pp. 17-18, 844 So.2d at 100. In this case, the City/Parish's interpretation of the Unified Development Code as applied to the Belle sign is clearly inconsistent with the specific language of that code.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal, in the amount of $631.00, are assessed against appellant, City of Baton Rouge/Parish of East Baton Rouge.
AFFIRMED.
KUHN, J., dissents.
NOTES
[1] The City/Parish also argues the trial court erred in finding the Belle sign was not an "off-premise" sign due to the interior storage space leased in the building by the Belle. However, it is unnecessary for this Court to reach this issue. The U.D.C. § 16.15 prohibition that the City/Parish relies on is applicable only if a sign is both an "off-premise" sign and an "outdoor advertising sign." Thus, even if the trial court's conclusion that the sign was not an "off-premise" sign was wrong, the City/Parish still would not be entitled to injunctive relief in view of our conclusion that the Belle sign was not an "outdoor advertising sign."