GUIDRY, J.
 

 LA subcontractor appeals judgments of the trial court dissolving a temporary restraining order (TRO), dismissing his suit based on objections of lack of personal jurisdiction and insufficient service raised pursuant to declinatory exceptions, and denying his motion for new trial. Finding error in the trial court’s dismissal of the plaintiffs suit in its entirety, we reverse in part and remand this matter for further proceedings.
 

 
 *984
 
 FACTS AND PROCEDURAL HISTORY
 

 The plaintiff in this matter, Terry Dalke, filed a “Petition for Permanent Injunction, TRO Hearing, and Payment” on November 3, 2008, naming as defendants Total Energy Corporation
 
 (“TEG”);
 
 Robert Ar-mantono, as the owner, alter ego, and sole controller of TEC; Lorris Environmental, Inc. (“LEI”); and Peter Lorris, as the owner, alter ego, and sole controller of LEI. In the petition, Mr. Dalke alleged that TEC had purchased two metal, propane tanks from Air Products and Chemicals, Inc., which were buried on that company’s property. Mr. Dalke stated that TEC hired LEI to remove the tanks from the property of Air Products and Chemicals, Inc., and LEI, in turn, orally contracted with him to perform excavation work to facilitate the removal of the tanks. The subcontracting work was performed from July 7 to July 10, 2008.
 

 Following the completion of the subcontracting work, Mr. Dalke submitted several requests for payments, but the defendants allegedly refused to pay the sum demanded. Mr. Dalke then filed the aforementioned suit. The trial court immediately ordered that a TRO be issued upon Mr. Dalke furnishing a bond in the amount of $25,000.00. The TRO was to be issued to restrain the defendants from selling, lending, concealing, parting with or otherwise disposing of a third, 80,000-gal-lon propane tank that allegedly was owned by TEC and housed in Louisiana on the property of Formosa Plastics Company. In the same order, the trial court set a | shearing for November 17, 2008, to determine whether issuance of a preliminary injunction would be warranted by law. Due to difficulty Mr. Dalke experienced in trying to obtain the $25,000.00 bond required by the trial court, Mr. Dalke requested and was granted a continuance of the November 17, 2008 hearing. The matter was rescheduled for December 1, 2008.
 

 On November 21, 2008, Mr. Armentano
 
 [1]
 
 and TEC filed several exceptions in response to Mr. Dalke’s petition, wherein they raised objections of insufficient service, lack of personal jurisdiction over Mr. Armentano, improper venue, and improper cumulation. The trial court scheduled Mr. Armentano and TEC’s exceptions to be heard in conjunction with the December 1, 2008 injunction hearing. Following the hearing, the trial court rendered judgment dissolving the TRO because Mr. Dalke had not posted the required bond. The trial court also sustained the declinatory exceptions filed by Mr. Armentano and TEC as to the objections of insufficient service of process and lack of personal jurisdiction over Mr. Armentano. The trial court pre-termitted consideration of the remaining exceptions filed by Mr. Armentano and TEC and dismissed the “entire proceeding” without prejudice. A written judgment incorporating the foregoing decrees was signed by the trial court on December 9, 2008.
 

 Mr. Dalke immediately applied for a new trial following the trial court’s judgment and requested that the new trial motion be served on counsel that represented Mr. Armentano and TEC on the exceptions and in opposition to the injunction proceedings. Mr. Dalke later requested service of the original petition on the same counsel. In response, counsel for Mr. Armentano and TEC again filed declinatory and dilatory exceptions raising the objections of insufficient service, lack
 
 *985
 
 of personal jurisdiction, improper venue and improper cumulation.
 

 [4While the hearing was pending on the request for new trial and exceptions, Mr. Dalke sought to propound discovery upon TEC, to which it responded by filing a motion for sanctions, contempt, and a protective order. The trial court set TEC’s motion to be heard with the hearing on the request for new trial and exceptions. Thereafter, Mr. Dalke filed a motion to compel TEC’s response to discovery, and he also requested that the trial court grant a continuance of the pending hearing.
 

 A hearing on all the pending pleadings was eventually held on August 24, 2009, following which the trial court denied Mr. Dalke’s motion for new trial and the motions of Mr. Armentano and TEC for sanctions and costs by a judgment signed September 2, 2009. The trial court pre-termitted consideration of the remaining exceptions as being moot in light of the foregoing rulings. Mr. Dalke appealed the September 2, 2009 judgment denying his request for new trial and upholding the court’s December 9, 2008 judgment.
 
 [2]
 
 Mr. Armentano and TEC answered the appeal, seeking reversal of that portion of the trial court’s ruling denying their request for sanctions and costs and further seeking an award of attorney fees for the work counsel performed in responding to this appeal.
 

 DISCUSSION
 

 Mr. Dalke contests the trial court’s dismissal of his entire suit based on the decli-natory exceptions filed by Mr. Armentano and TEC. Although we find merit, in part, with this contention, we nevertheless find no error in the trial court’s dismissal of the TRO and preliminary injunction requested by Mr. Dalke.
 

 Relative to the TRO issued in this case, two documents were signed by the trial court on November 3, 2008: the actual TRO and an order authorizing 15issuance of the TRO. In the November 3, 2008 order, a portion of the order authorized the issuance of a TRO on two grounds labeled “A” and “B.” Option A provided for the issuance of the TRO without bond and Option B provided for the issuance of the TRO “[u]pon petitioner furnishing bond in the amount of $25,000.00.” The specific amount of $25,000.00 was handwritten in the blank space provided for Option B and initials were recorded next to the options indicating that option B was selected by the trial court for issuance of the TRO. Thus, a plain reading of the order reveals that the TRO was to be issued on Mr. Dalke furnishing the requisite bond.
 
 [3]
 

 Requests for a TRO, preliminary injunction, and permanent injunction are governed by La. C.C. P. arts. 3601-3613. Article 3610 requires the furnishing of security for the issuance of a TRO and preliminary injunction, “except where security is dispensed with by law.” The purpose of the security is to .“indemnify the person wrongfully restrained or enjoined for the payment of costs incurred
 
 *986
 
 and damages sustained.” La. C.C.P. art. 3610.
 

 Article 3606 further provides:
 

 When a temporary restraining order is granted, the application for a preliminary injunction shall be assigned for hearing at the earliest possible time, subject to Article 3602, and shall take precedence over all matters except older matters of the same character. The party who obtains a temporary restraining order shall proceed with the application for a preliminary injunction when it comes on for hearing. Upon his failure to do so, the court shall dissolve the temporary restraining order.
 

 Moreover, Article 3604 expressly provides that a TRO shall expire within ten days of issuance, unless an extension is granted by the trial court, with each extension not to exceed ten days each. Thus, by operation of law, the TRO would have expired well in advance of the December 1, 2008 hearing date.
 

 | cJn the November 3, 2008 order, the trial court assigned Mr. Dalke’s request for issuance of a preliminary injunction for hearing on November 17, 2008. Included in the order, which was submitted by Mr. Dalke along with the petition, was the following notation: “Civil Sheriff: These are out of state defendants. They will be served via long arm statute.” Mr. Dalke later requested a continuance of the November 17, 2008 hearing date due to difficulty in obtaining the $25,000.00 bond required for issuance of the TRO. In the ex parte motion for a continuance, Mr. Dalke acknowledged that “defendants have not yet been served.” The trial court granted the request and continued the hearing until December 1, 2008.
 
 [4]
 
 Article 3602 provides that “[a] preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing. An application for a preliminary injunction shall be assigned for hearing not less than two nor more than ten days after service of the notice.”
 

 Since the trial court notified Mr. Armen-tano and TEC of the date and time the injunctive proceedings were set for hearing, upon receiving the hearing notices, Mr. Armentano and TEC objected to the proceedings on the basis, in part, that they had not been formally served with any notice of the commencement of the proceedings against them. As the second sentence of Article 3602 expressly refers to “service of the notice” occurring before the preliminary injunction is set for hearing, the hearing notices sent by the trial court were insufficient to comply with the statutory mandate for notice. Thus, as Mr. Armentano and TEC were not served with notice as required by Article 3602, a preliminary injunction could not issue.
 

 Finally, we observe that the denial of a preliminary injunction was clearly warranted in this case. Injunctions are issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant. La. C.C.P. art. 3601(A). [7Normally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury, loss, or damage if the injunction does not issue and must show entitlement to the relief sought; this must be done by a
 
 prima facie
 
 showing that the party will prevail on the merits of the case.
 
 State Machinery & Equipment Sales, Inc. v. Iberville Parish Council,
 
 05-2240, pp. 3^4 (La.App. 1st Cir.12/28/06), 952 So.2d 77, 80-81. The writ of injunction — a harsh, drastic, and extraordinary remedy — should only issue in those instances where the moving party is threatened with irreparable loss or inju
 
 *987
 
 ry and is without an adequate remedy at law. Irreparable injury has been interpreted to mean a loss that cannot be adequately compensated in money damages or measured by a pecuniary standard.
 
 Concerned, Citizens for Proper Planning, LLC v. Parish of Tangipahoa,
 
 04-0270, pp. 5-6 (La.App. 1st Cir.3/24/05), 906 So.2d 660, 664.
 

 Mr. Dalke has made no such
 
 prima facie
 
 showing in this matter. Mr. Dalke’s suit is a claim for monetary damages based on the alleged failure of Mr. Armen-tano and TEC to pay for services he rendered for their benefit. While making no assertion regarding the financial viability of these defendants, Mr. Dalke nevertheless requested injunctive relief to restrain Mr. Armentano and TEC from selling, lending, concealing, parting with or otherwise disposing of an 80,000-gallon propane tank that allegedly was owned by TEC and located in the state of Louisiana. As such, Mr. Dalke made no showing of irreparable injury, loss, or damage whereby he would be entitled to injunctive relief in the form of a TRO or preliminary injunction. Thus, we find no abuse of the trial court’s discretion in denying Mr. Dalke’s request for a preliminary injunction or in dissolving the TRO.
 
 See Charter School of Pine Grove, Inc. v. St. Helena Parish School Board,
 
 07-2238, p. 9 (La.App. 1st Cir.2/19/09), 9 So.3d 209, 218 (recognizing that “[t]he trial court has great discretion to grant or deny injunctive | ¡¡relieve, and its determination should not be disturbed absent a manifest abuse or discretion”).
 

 Nevertheless, we find the trial court did err in dismissing the entire proceedings. In addition to seeking a TRO and preliminary injunction, Mr. Dalke also requested a permanent injunction.
 
 [5]
 
 A preliminary injunction is essentially an interlocutory order issued in summary proceedings incidental to the main demand for permanent injunctive relief.
 
 Concerned Citizens for Proper Planning, LLC,
 
 04-0270 at 6, 906 So.2d at 664. The principal demand of the permanent injunction is determined on its merits only after a full trial under ordinary process, even though the summary proceedings for the preliminary injunction may touch upon or tentatively decide issues on the merits.
 
 Ouachita Parish Police Jury v. American Waste and Pollution Control Company,
 
 606 So.2d 1341, 1346 (La.App. 2d Cir.),
 
 unit denied,
 
 609 So.2d 234 (La.1992),
 
 cert. denied,
 
 508 U.S. 909, 113 S.Ct. 2339, 124 L.Ed.2d 249 (1993). A permanent injunction may issue only after a trial on the merits at which the burden of proof is a preponderance of the evidence.
 
 City of Baton Rouge/Parish of East Baton Rouge v. 200 Government Street, LLC,
 
 08-0510, p. 5 (La.App. 1st Cir.9/23/08), 995 So.2d 32, 36,
 
 unit denied.
 
 08-2554 (La.1/9/09), 998 So.2d 726.
 

 The
 
 prim,a facie
 
 showing standard of proof to obtain a preliminary injunction is less than that required for a permanent injunction. A hearing on a permanent injunction is an ordinary proceeding.
 
 Elvsian Fields Church of Christ v. Dillon,
 
 08-0989, p. 6 (La.App. 4th Cir.3/18/09), 7 So.3d 1227, 1231. Further, no security is required for a permanent injunction.
 
 Elysian Fields Church of Christ,
 
 08-0989 at 7, 7 So.3d at 1231. Thus, although the trial court properly acted within |9its discretion to deny the preliminary injunction, it was without authority to deny Mr. Dalke’s request for a
 
 *988
 
 permanent injunction absent an evidentia-ry trial on the merits of that request.
 

 Furthermore, in regards to the trial court’s consideration and dismissal of Mr. Dalke’s suit, in its entirety, based on the objections of insufficient service and lack of personal jurisdiction over Mr. Ar-mentano, we likewise find the trial court’s resolution of those exceptions in the context of the hearing on the preliminary injunction was improper.
 

 At the commencement of the December 1, 2008 hearing, Mr. Dalke expressed his disagreement with the trial court considering the exceptions at the hearing on his request for preliminary injunction. The trial court, nevertheless, proceeded to consider and sustain the declinatory exceptions filed by Mr. Armentano and TEC on the basis of insufficient service and lack of personal jurisdiction. The trial court erred in doing so.
 

 According to La. C.C.P. art. 1201(C), service of citation must be requested on all named defendants within 90 days of commencement of the action. Once 90 days has elapsed from the commencement of the action without the required service, dismissal is not automatic under the article. Rather, Article 1201(C) further provides that the requirement that service of citation be requested within 90 days shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of La. C.C.P. art. 928, a declina-tory exception raising the objection of insufficiency of service of process specifically alleging the failure to timely request service of citation.
 
 Stillman v. Board of Supervisors of Southern University and Agricultural and Mechanical College,
 
 07-2107, p. 4 (La.App. 1st Cir.6/6/08), 992 So.2d 523, 526,
 
 unit not considered,
 
 OS-1557 (La.10/10/08), 993 So.2d 1273;
 
 but see Filson v. Windsor Court Hotel,
 
 04-2893, pp. 3-4 (La.6/29/05), 907 So.2d 723, 726-27 (wherein the Louisiana Supreme Court | inexplained that the proper manner of objecting to an action based on failure to effect service within the 90-day time limit of Article 1201(C) is by filing a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C)).
 

 Mr. Dalke’s petition for injunctive and compensatory relief was filed on November 3, 2008. Mr. Armentano and TEC filed their declinatory exception raising the objection of insufficiency of service on November 21, 2008, and the trial court considered and sustained the exception on December 1, 2008, well before 90 days had elapsed from the filing of the petition. Consequently, the trial court clearly erred in sustaining the exception on the basis of insufficient service.
 

 The trial court likewise erred in sustaining the declinatory exception objecting to the court’s jurisdiction over the person of Mr. Armentano. Louisiana Code of Civil Procedure article 1571(a) requires district courts to prescribe the procedure for assigning cases for trial wherein adequate notice of the proceedings is provided to all parties. Pursuant to Article 1571, Rule 9.8(b) of the Uniform Rules for Louisiana District Courts provides “[n]o hearing on an exception or motion will be scheduled until at least 15 calendar days after filing. A party seeking to have an exception or motion heard less than 15 days after filing must show good cause and shall state in the exception or motion the reasons why an expedited hearing is necessary.”
 

 Mr. Armentano and TEC filed their exceptions to Mr. Dalke’s petition on November 21, 2008, and presented an order, which was signed by the trial court, setting the exceptions to be heard on the same date as Mr. Dalke’s hearing for a preliminary injunction. In seeking expedited consideration of the exceptions, Mr. Armenta-no and TEC did not state in their pleading the- reason why an expedited hearing
 
 *989
 
 would be necessary. In a motion filed on behalf of TEC to dissolve the TRO issued by the trial court, TEC included a footnote wherein it stated “[a]s provided for in La. C.C.P. [art.] 929, [TEC] has requested that [its] exceptions be |nset for hearing prior to any hearing on the motion to dissolve the temporary restraining order or [Mr. Dalke’s] rule to show cause why a preliminary injunction should not be granted.”
 

 Article 929 states that exceptions, when pleaded before or in the answer, shall be tried and decided in advance of the trial of the case. As previously explained, the TRO and preliminary injunction are incidental actions to the main demand, the permanent injunction, which must be decided by a trial on the merits. Thus, Article 929 does not provide good cause for the hearing on the exceptions to be expedited, since the trial of the main demand was not set to be tried.
 

 Moreover, in his motion for new trial, Mr. Dalke expressly stated that he was unable to properly defend against the exceptions raised because inadequate notice of the hearing on the exceptions did not allow him sufficient time to conduct discovery to oppose the exceptions. Evidence may be introduced to support or controvert the objection of lack of personal jurisdiction pleaded pursuant to a declina-tory exception when the grounds thereof do not appear from the petition, the citation, or return thereon. La. C.C.P. art. 930. The expedited setting of the hearing on the exceptions filed by Mr. Armentano and TEC failed to allow Mr. Dalke adequate notice to prepare for the hearing and thus he was clearly prejudiced as a result.
 
 Of Jones v. Chevalier,
 
 579 So.2d 1217, 1218 (La.App. 3d Cir.1991). Accordingly, we find the trial court’s sustaining of the declinatory exception on the basis of lack of personal jurisdiction must be reversed as well.
 
 [6]
 

 In light of our resolution of this appeal to partially reverse the judgment of the trial court, we decline to grant Mr. Armen-tano and TEC the relief requested in their answer to the appeal.
 

 | ^CONCLUSION
 

 For the foregoing reasons, we affirm the judgment of the trial court dissolving the TRO and denying Mr. Dalke’s request for a preliminary injunction. We reverse the trial court’s judgment to the extent that it sustained the declinatory exceptions on the basis of the objections of insufficient service and lack of personal jurisdiction to dismiss Mr. Dalke’s suit. We remand this matter for further proceedings consistent with this opinion. All costs of this appeal are assessed to the appellees, Robert Ar-mentano and TEC.
 

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 

 [1]
 

 . In that pleading, Mr. Armentano also noted the incorrect spelling of his name in the pleadings filed by Mr. Dalke.
 

 [2]
 

 . In his notice of appeal, Mr. Dalke requested to be granted an appeal of the judgment denying his motion for new trial, but as it is clear he intended to appeal the underlying judgment, we will consider his request for an appeal as an appeal of that judgment.
 
 See Carpenter v. Hannan,
 
 01-0467, p. 4 (La.App. 1st Cir.3/28/02), 818 So.2d 226, 228-229,
 
 writ denied,
 
 02-1707 (La. 10/25/02), 827 So.2d 1153.
 

 [3]
 

 . We further note a TRO must comply with the provisions of La. C.C.P. art. 3604(A) to be validly issued.
 
 See Dauphine v. Carencro High School,
 
 02-2005 (La.4/21/03), 843 So.2d 1096, 1103-1104.
 

 [4]
 

 . Mr. Dalke had requested that the matter be continued without date.
 

 [5]
 

 . Based on the caption of Mr. Dalke’s petition and the allegations contained therein, it appears that Mr. Dalke also seeks to recover payment for his services in the proceedings; however, he failed to specifically ask for such relief in his prayer, so it is unclear whether he actually seeks recovery of the payment or simply seeks injunctive relief pursuant to the instant action.
 

 [6]
 

 . We further note that La. C.C.P. art. 932(A) allows for amendment of the petition — rather than dismissal of the action — to remove the grounds for the objection, if such can be done.