906 So.2d 660 (2005)
CONCERNED CITIZENS FOR PROPER PLANNING, LLC
v.
PARISH OF TANGIPAHOA, Douglas "Doug" H. Ferris, Willow Villas Subdivision, Homes at Willow Villas, LLP, Willow Villas I Limited Partnership, Willow Villas II Limited Partnership, Ferris Land Development, North-Lake Community Development Corp., and City of Hammond.
Nos. 2004 CA 0270, 2004 CW 0249.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
*661 Ron S. Macaluso, Walton Tate, Sam J. Dileo, Jr., Hammond, for Plaintiff-Appellee Concerned Citizens for Proper Planning, LLC.
Samuel A. Bacot, Juston M. O'Brien, Baton Rouge, for Defendants-1st Appellants Doug Ferris, Willow Villas I Limited Partnership, Willow Villas II Limited Partnership, Ferris Land Development, LLC and Northlake Community & Doug Ferris Development Corp.
Andre G. Coudrain, Hammond, for Defendant-Appellee City of Hammond.
Clifton T. Speed, Greensburg, for Defendant-2nd Appellant Tangipahoa Parish Council President.
*662 Before: CARTER, C.J., PETTIGREW, and McDONALD, JJ.
PETTIGREW, J.
In this matter, defendant-developer and Tangipahoa Parish have appealed from the trial court's imposition of a mandatory preliminary injunction to compel the parish to revoke or nullify permits issued in favor of a new, federally-subsidized, housing development within Tangipahoa Parish. For the reasons that follow, we reverse and remand for further proceedings.

FACTS
In 2002, developer Douglas "Doug" Ferris began development of Willow Villas Subdivision ("Willow Villas") for the purpose of providing affordable housing to the residents of Tangipahoa Parish ("the Parish"). After obtaining the requisite prior approvals from the Tangipahoa Parish Consolidated Gravity Drainage District No. 1, the Tangipahoa Parish Engineer, the Louisiana Department of Health and Hospitals, the U.S. Army Corps of Engineers, and the Tangipahoa Parish Planning Commission, Mr. Ferris applied to the Parish for and was granted a permit to begin construction.
After construction began, Concerned Citizens for Proper Planning, L.L.C. ("Concerned Citizens") filed the instant suit on August 12, 2003, against Mr. Ferris, Willow Villas, Homes at Willow Villas, L.L.P., Willow Villas I Limited Partnership, Ferris Land Development, Northlake Community Development Corp. (collectively, "Willow Villa defendants"), the Parish, and the City of Hammond seeking a declaratory judgment, a writ of mandamus, and an injunction to halt the development. Concerned Citizens sought to enjoin any and all permissions or approvals issued by the Parish for any and all physical development and/or subdivisions within the Parish, specifically including Willow Villas, determined to be in contravention of existing laws. Additionally, Concerned Citizens sought to have any and all permits or approvals issued in favor of Willow Villas nullified or set aside if issued in contravention of law. Concerned Citizens further sought to have an amended and reenacted section of the Parish's Code of Ordinances declared null and void, together with issuance of a writ of mandamus directed to the Parish to compel the performance of its duties with respect to physical development and/or subdivisions within the Parish.
In response, various peremptory and dilatory exceptions were filed on behalf of the Willow Villa defendants. A hearing on the exceptions took place on October 27, 2003, and thereafter, the court held the record open for the submission of supplemental memorandums from the parties.
On October 31, 2003, the trial court issued written reasons denying the exceptions, and a judgment to this effect was later signed on December 1, 2003.
Also on December 1, 2003, the trial court issued written reasons finding that the Parish was in violation of state statutes, local ordinances, as well as its Home Rule Charter. Specifically, the court found that the Parish had failed to create and adopt a master plan in violation of La. R.S. 33:106. The trial court further found that Concerned Citizens faced immediate and irreparable harm in the form of decreased property values and the increased risk of flooding and traffic congestion. The trial court granted the request by Concerned Citizens for injunctive relief thereby prohibiting further work on the Willow Villas development project.[1] A *663 judgment granting the preliminary injunction was later signed on December 11, 2003, prohibiting the Willow Villa defendants from continuing work on the Willow Villas project, and ordering the Parish to recall and/or nullify any and all permits issued to and in favor of Willow Villas.
From this judgment, the Willow Villa defendants and the Parish sought suspensive appeals. The trial court denied those requests, and granted devolutive appeals.

ISSUES PRESENTED FOR REVIEW
In connection with their appeal in this matter, the Willow Villa defendants set forth the following issues for review and consideration by this court:
1. Whether the trial court erred by ruling in a summary proceeding on Concerned Citizens' request for a declaratory judgment?
2. Whether the trial court erred in issuing a mandatory injunction without a full evidentiary hearing and without requiring Concerned Citizens to prove its case by a preponderance of the evidence?
3. Whether the trial court erred in issuing a preliminary injunction prohibiting Ferris from continuing construction on the Willow Villas subdivision when there was no proof of any irreparable injury, loss, or damage?
4. Whether a master plan is required prior to a parish or parish planning commission approving subdivisions?
The Parish has also filed an appeal in this matter and sets forth the following issues for review and consideration by this court:
1. Did the trial court err in its finding that the procedures used for the acceptance, review, consideration and/or approval of the plans for the development of the Willow Villas subdivision were in violation of state statutes, local ordinances and Parish's Home Rule Charter?
2. Did the trial court err in its finding that the Parish's failure to create and adopt a master plan constituted a violation of a state statute mandating an injunction of parish approval of subdivisions?
3. Did the trial court err in ordering the recall and/or nullification of any and all permits issued to and in favor of Willow Villas subdivision, where there was no open court hearing or trial on the merits?

STANDARD OF REVIEW
Louisiana Code of Civil Procedure article 3612 provides that "[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction." (Emphasis deleted.) A party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. Country Club of Louisiana Property Owners Association, Inc. v. Dormier, 96-0898, p. 2 n. 1 (La.App. 1 Cir. 2/14/97), 691 So.2d 142, 144 n. 1.
We are however mindful that appellate review of a trial court's issuance of a preliminary injunction is limited. The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court and will not be disturbed on review unless a clear abuse of discretion has been shown. Lassalle v. Daniels, 96-0176, p. 5 (La.App. 1 Cir. 5/10/96), 673 So.2d 704, 708, writ denied, 96-1463 *664 (La.9/20/96), 679 So.2d 435, cert. denied, 519 U.S. 1117, 117 S.Ct. 963, 136 L.Ed.2d 848 (1997).

LAW AND ANALYSIS
The writ of injunction, a harsh, drastic, and extraordinary remedy, should only issue in those instances where the moving party is threatened with irreparable loss or injury, and is without an adequate remedy at law. Conway v. Stratton, 434 So.2d 1197, 1198 (La.App. 1 Cir.1983), La. Civ.Proc.Code art. 3601. Irreparable injury has been interpreted to mean a loss that cannot be adequately compensated in money damages or measured by a pecuniary standard. Star Enter. v. State Through Dept. of Revenue and Taxation, 95-1980, 95-1981, 95-1982, p. 13 (La.App. 1 Cir. 6/28/96), 676 So.2d 827, 834, writ denied, 96-1983 (La.3/14/97), 689 So.2d 1383. A preliminary injunction is essentially an interlocutory order issued in summary proceedings incidental to the main demand for permanent injunctive relief. The courts have generally held that a preliminary injunction is designed to preserve the status quo pending a trial of the issues on the merits of the case. Silliman Private School Corp. v. Shareholder Group, XXXX-XXXX, pp. 5-6 (La.App. 1 Cir. 2/16/01), 789 So.2d 20, 23, writ denied, XXXX-XXXX (La.3/30/01), 788 So.2d 1194.
Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought; this must be done by a prima facie showing that the party will prevail on the merits of the case. Jurisch v. Jenkins, 97-1870, p. 4 (La.App. 1 Cir. 9/25/98), 722 So.2d 1008, 1011, reversed on other grounds, 99-0076 (La.10/19/99), 749 So.2d 597. A showing of irreparable injury is not necessary when the act sought to be enjoined is unlawful, or a deprivation of a constitutional right is involved. Maynard Batture Venture v. Parish of Jefferson, 96-649, p. 4 (La.App. 5 Cir. 12/30/96), 694 So.2d 391, 392.
In its petition and memorandum in support of its application for a preliminary injunction, Concerned Citizens alleged that it was entitled to a preliminary injunction against the Willow Villa defendants based upon three claims of irreparable injury: (1) decreased property values; (2) increased traffic congestion; and (3) increased drainage that will lead to property damage.
The general rule is that an injunction will issue only in its prohibitory form, but when a defendant obstructs plaintiff in the enjoyment of a real right, the latter may be entitled to a prohibitory injunction restraining the disturbance and also to a mandatory injunction for the removal of the obstruction or to undo what has been illegally done. Harris v. Pierce, 73 So.2d 330, 334 (La.App.1954). A mandatory injunction, so named because it commands the doing of some action, cannot be issued without a hearing on the merits. Maestri v. Destrehan Veterinary Hospital, 554 So.2d 805, 808 (La.App. 5 Cir.1989). The jurisprudence has established that a mandatory preliminary injunction has the same basic effect as a permanent injunction, and therefore may not be issued on merely a prima facie showing that the party seeking the injunction can prove the necessary elements; instead, the party must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction. Denta-Max v. Maxicare Louisiana, Inc., 95-2128, p. 3 (La.App. 4 Cir. 3/14/96), 671 So.2d 995, 997. The court in Denta-Max specifically held that
a mandatory preliminary injunction may not be issued by a trial court unless the party seeking the injunction proves by a *665 preponderance of the evidence at a full trial on the merits in which the taking of evidence is not limited that he is entitled to the injunction. These procedural requirements become especially important in cases involving hotly-contested factual issues ... Denta-Max, 95-2128 at 5, 671 So.2d at 997-8.
Applying the foregoing legal precepts to the facts of this case, we find that the hearing held by the trial court in this matter was simply a hearing on the merits of the various exceptions filed by the Willow Villa defendants. The trial court thereafter held the record open for the submission of supplemental memoranda from the parties. The trial court thereafter imposed a preliminary injunction against the Willow Villa defendants prohibiting said defendants from continuing work on the Willow Villas development.
Based upon our review of the record before us, we can find no evidence of irreparable harm, merely speculation. Based upon a failure of necessary proof, the trial court's judgment issuing a preliminary injunction against the Willow Villa defendants is reversed.
Additionally, the application for a preliminary injunction by Concerned Citizens goes beyond simply preserving the status quo pending an evidentiary hearing on the merits. Concerned Citizens sought, and the trial court ordered, the Parish to recall and/or nullify any and all permits issued to and in favor of Willow Villas. Unquestionably, the injunction imposed upon the Parish requires that the Parish take actioni.e., recall and/or nullify any and all permits issued to and in favor of Willow Villas. This court is convinced, based upon our review of this matter, that the preliminary injunction imposed upon the Parish is a mandatory injunction, not a prohibitory injunction.
The hearing held by the trial court fell far short of the procedural requirements because the parties were prohibited from presenting any evidence, and the mandatory preliminary injunction was issued on the basis of the pleadings and argument of counsel. The trial court was required to hold a full trial on the merits. Thus, the trial court's judgment issuing a mandatory injunction against the Parish is similarly reversed.
Based upon the foregoing, we pretermit discussion of all remaining issues.

CONCLUSION
The judgment of the trial court imposing a preliminary injunction against defendants, Doug Ferris, Willow Villas, Homes at Willow Villas, L.L.P., Willow Villas I Limited Partnership, Ferris Land Development, and Northlake Community Development Corp. is hereby reversed. Additionally, the mandatory preliminary injunction imposed against the Parish of Tangipahoa is also reversed.
In light of our reversal of the prohibitory and mandatory preliminary injunctions, the issue set forth in the civil writ application, 2004 CW 0249 that was referred to this panel for disposition, i.e., whether Concerned Citizens was required to post a bond as security for issuing a preliminary injunction, is now moot. Accordingly, said civil writ application is dismissed and remanded to the trial court.
This matter is hereby remanded to the trial court for further proceedings in accordance with this opinion. All costs incurred in connection with this appeal shall be assessed against the plaintiff in this matter, Concerned Citizens for Proper Planning, L.L.C.
REVERSED AND REMANDED.
CARTER, J., concurs with reasons.
*666 CARTER, C.J., concurring.
I write separately to acknowledge that this court has received correspondence from counsel for the Willow Villas defendants that seems to indicate this matter is now moot. However, that correspondence does not form part of the record on appeal. This issue, as well as the others involved in this litigation, can be resolved by the trial court on remand. Therefore, I respectfully concur.
NOTES
[1] The question as to whether Concerned Citizens was required to post a bond as security for the issuance of a preliminary injunction was the subject of a writ application that has, pursuant to an order of this court, been referred to this panel for disposition. See 2004 CW 0249.