OUR LADY OF THE LAKE HOSPITAL, INC.
v.
LOUISIANA CARPENTER'S REGIONAL COUNSEL, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, JASON B. ENGELS AND CHARLIE MANNING.
No. 2009 CA 1769.
Court of Appeals of Louisiana, First Circuit.
April 1, 2010.
Not Designated for Publication
MURPHY J. FOSTER, III, JOHN T. ANDRISHOK, MICHAEL R. HUBBELL, Baton Rouge, Louisiana, Attorneys for Plaintiff/Appellee, Our Lady of the Lake Hospital, Inc.
LOUIS L. ROBEIN, Jr., KEVIN R. MASON, Metairie, Louisiana Attorneys for Defendants/Appellants Louisiana Carpenters Regional Council, Jason B. Engels and Charlie Manning.
Before: PARRO, KUHN, and McDONALD, JJ.
McDONALD, J.
On March 19, 2009, Our Lady of the Lake Hospital, Inc. (OLOL) filed a petition for preliminary and permanent injunction, temporary restraining order, and damages against the Louisiana Carpenters Regional Council,[1] Jason B. Engels, and Charlie Manning (defendants), asserting that in February of 2009 the defendants began a campaign to organize the work force of carpentry craft workers performing work for Lloyd N. Moreau, L.L.C., a subcontractor of Milton J. Womack, Inc. Womack was the general contractor working on multiple projects at OLOL. OLOL asserted that the defendants had been hindering access to its facilities, distributing leaflets to its patients, employees, and visitors, and erecting and suspending large banners on OLOL property. OLOL asserted that the defendants violated several Baton Rouge City/Parish Ordinances and were trespassing on OLOL property. A temporary restraining order was signed by the district court judge on March 20, 2009, prohibiting defendants from carrying on their conduct on OLOL property. The defendants filed a motion to dissolve the temporary restraining order.
After a hearing, the district court granted OLOL's motion for preliminary injunction and issued a judgment prohibiting, restraining, and enjoining the defendants from engaging in picketing, loitering, having banners, or handing out handbills anywhere on OLOL property, including utility servitude areas, and from obstructing or interfering with ingress and egress to OLOL property. The district court also denied the motion to dissolve the temporary restraining order. The defendants are appealing the judgment, asserting that the district court erred in granting the preliminary injunction.
The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court and will not be disturbed on review unless a clear abuse of discretion has been shown. Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa, 04-0270, p. 5 (La. App. 1 Cir. 3/24/05), 906 So.2d 660, 663.
The district court had the following reasons for judgment:
The court having had the opportunity to take the matter under advisement and review the evidence as submitted, the court will note that there has been no evidence introduced that there is or ever has been a labor dispute between the plaintiff and the defendant as defined by Title 23 or the Norris-Laguardia Act. Furthermore, there is no evidence of any employer/employee relationship between the parties nor is there a collective bargaining agreement. Therefore, in the court's opinion this is a matter concerning property rights in a property right dispute as opposed to a labor dispute.
The evidence as viewed by the court clearly establishes specifically by exhibits 22 and 24 the property boundaries of the plaintiff, Our Lady of the Lake. The servitudes depicted in exhibits 22 and 24 clearly are public servitudes for drainage and utilities and are not servitudes or passages granted in favor of any designated person or the general public. Therefore, plaintiff, Our Lady of the Lake, retains ownership of the servitudes in question and may lawfully prohibit any activity that it deems undesirable in those designated areas.
After a thorough review of the record, we find no abuse of discretion in the issuance of the preliminary injunction and we affirm the district court judgment. Costs of this appeal are assessed against the defendants. This memorandum opinion is rendered in accordance with the Louisiana Uniform Rules-Courts of Appeal, Rule 2-16.1.B.
AFFIRMED.
NOTES
[1] The Louisiana Carpenters Regional Council was incorrectly named "Louisiana Carpenter's Regional Counsel, United Brotherhood of Carpenters and Joiners of America" in the petition.