STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1390

TERREBONNE PARISH CONSOLIDATED GOVERNMENT

VERSUS

KERRY CARTER

Judgment Rendered: **SEP 1 8 2020**

* * * * * *

Appealed from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Suit Number 186,470

Honorable John R. Walker, Presiding

* * * * * *

| | |
|---|---|
| Julius P. Hebert, Jr.<br>Heather M. Arrington<br>Houma, LA | Counsel for Plaintiff/Appellant<br>Terrebonne Parish Consolidated<br>Government |
| Kerry Carter<br>Houma, LA | In proper person |

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.

**GUIDRY, J.**

The Terrebonne Parish Consolidated Government appeals from a trial court judgment, denying its request for a preliminary injunction. For the reasons that follow, we reverse and remand this matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Defendant, Kerry Carter, is the owner of property and a mobile home located at 539 Andrew Street, Houma, Louisiana. On May 3, 2019, defendant caused a mobile home to be placed on the Andrew Street property (the "Property") without first obtaining a permit from the Terrebonne Parish Consolidated Government (the "Parish"). On the same day, the Planning and Zoning Division of the Parish was notified by a concerned citizen that a mobile home was being placed on defendant's Property. An inspector for the Parish was sent out and found a mobile home being delivered and installed on the Property. Thereafter, a stop work order was issued in light of the violation of local ordinances.

On Monday, May 6, 2019, defendant went to the Parish permit office to fill out the paperwork necessary to obtain a permit. However, defendant did not complete the entire permit form after discovering that the cost of the permit had doubled to $300.00 due to the fine for the violation. Complicating the matter further was the fact that the Parish later discovered that its own maps had incorrectly identified the Property as an R-3 District, in which mobile homes are permitted, when the Property was actually located within an R-1 District that does not allow mobile homes. The Parish then issued a notice of violation via certified mail to defendant on May 7, 2019, informing defendant of the zoning and permitting violations and requiring him to remove the mobile home.[1]

---

[1] The notice of violation states it was for the "[u]npermitted placement at 533 Andrew Street" rather than 539 Andrew Street. Nevertheless, the testimony reflects the notice of violation was sent to the mailing address on file with the assessor's office at the time, and defendant owns the lots located at 533 through 539 Andrew Street where the mobile home was placed.

2

During an in-person meeting on May 9, 2019, the Parish again informed defendant that, due to the zoning violation, the mobile home must be removed from the Property. In light of the facts and circumstances, the Parish presented as many options to defendant as possible, including exploring the rezoning process. Nevertheless, all options included the removal of the mobile home, and the parties were unable to reach a workable solution. The mobile home remained on the Property without a permit and in violation of the zoning ordinances. Ultimately, the Parish issued a final notice to defendant on June 21, 2019, advising him that the matter would be referred to the parish attorney to file for an injunction to remove the mobile home if the mobile home was not removed from the Property within ten days.

With the mobile home remaining on the Property, the Parish filed the instant suit on July 19, 2019, seeking "a permanent injunction in the form and substance of [a] preliminary injunction," requiring defendant to remove the mobile home from the Property. In addition to the petition, the Parish filed a memorandum in support, verified exhibits, and a show cause order seeking to have defendant appear and show why a writ of injunction should not be issued. The trial court set the matter for August 7, 2019, at which time defendant appeared on his own behalf.

At the hearing, the Parish called two Parish employees as witnesses, as well as defendant. Defendant conducted cross-examinations of all witnesses and testified on his own behalf. The Parish also introduced the following exhibits into the record:

Exhibit A: A certified copy of Terrebonne Parish Code of Ordinances, Ordinance No. 6111 and Resolution No. 99-377, as well as documents related to the rezoning of certain lots located on Andrew Street in Houma, Louisiana.

Exhibit B: Certified copies of Terrebonne Parish Code of Ordinances, Section 28-47, relative to zoning of residential districts.

Exhibit C: A certified copy of the May 7, 2019 letter to defendant regarding the violation for the unpermitted mobile home located on the Property and the zoning violation.

Exhibit D: A certified copy of the June 21, 2019 Notice of Violation letter to defendant regarding the violations.

3

Exhibit E:   A certified copy of Terrebonne Parish Code of Ordinances, Section 114, relative to violations.

Exhibit F:   A certified copy of the G.I.S. Mapping System Disclaimer.

Exhibit G:   A certified copy of the incomplete and voided Permit Application of Kerry Carter, dated May 6, 2019.

Exhibit H:   A certified copy of Terrebonne Parish Code of Ordinances, Section 105, relative to permits.

Exhibit I:   Certified copies of two photographs of the mobile home.

At the conclusion of the hearing, the trial court denied the Parish's request for an injunction and further indicated that it was "of the opinion [...] that the trailer should be allowed to remain on the property as if it was zoned R-3...and that [defendant] be allowed any utilities or other amenities that [he would] be entitled to as if it was R-3." A judgment was ordered to be prepared, and the judgment, signed by the trial court on August 30, 2019, only provided that the Parish's injunction was denied. The Parish now appeals the August 30, 2019 judgment, denying its request for a preliminary injunction and assigns as error the trial court's failure to grant the injunction.[2]

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure article 3601 provides that injunctions shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. The general rule is that an injunction will issue only in its prohibitory form, but when a defendant obstructs plaintiff in the enjoyment of a real right, the latter may be entitled to a prohibitory injunction restraining the disturbance and also to a mandatory injunction for the removal of the obstruction or to undo what has been illegally done. Concerned

---

[2] In this appeal, the Parish also assigned as error the trial court's order that the Parish install utilities. (Brief, 10). However, the judgment appealed did not so order; rather, only the trial court's oral reasons for judgment indicated that defendant should have access to utilities. Appeals are taken from judgments, not reasons for judgment: the job of an appellate court is to review judgments, not reasons for judgment. Wooley v. Lucksinger, 09-0571, pp.77-78 (La. 4/1/11), 61 So. 3d 507, 572. Accordingly, we pretermit discussion of this assignment of error.

4

Citizens for Proper Planning, LLC v. Parish of Tangipahoa, 04-0270, pp. 6-7 (La. App. 1st Cir. 3/24/05), 906 So. 2d 660, 664. A mandatory injunction commands the doing of some action and cannot be issued without a hearing on the merits. Concerned Citizens, 04-0270 at p. 7, 906 So. 2d at 664. Typically, the party seeking a preliminary injunction must show that he will suffer irreparable injury, loss, or damage if the injunction is not issued and must make a *prima facie* showing that the party will prevail on the merits of the case. City of Baton Rouge/Parish of East Baton Rouge v. 200 Government Street, LLC, 08-0510, p. 4 (La. App. 1st Cir. 9/23/08), 995 So. 2d 32, 35, writ denied, 08-2554 (La. 1/9/09), 998 So. 2d 726. However, a mandatory preliminary injunction has the same basic effect as a permanent injunction, and therefore may not be issued on merely a *prima facie* showing that the party seeking the injunction can prove the necessary elements; instead, the party must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction. Concerned Citizens, 04-0270 at p. 7, 906 So. 2d at 664.

Whether to grant or deny a preliminary injunction rests within the sound discretion of the trial court. City of Baton Rouge, 08-0510 at p. 5, 995 So. 2d at 36. While the trial court's ruling will not be disturbed on appeal absent an abuse of that discretion, this standard is based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding necessary to the proper exercise of its discretion. Zachary Mitigation Area, LLC v. Tangipahoa Parish Council, 16-1675, p. 5 (La. App. 1st Cir. 9/21/17), 231 So. 3d 687, 691.

The Parish sought a mandatory preliminary injunction, directing defendant to remove the mobile home from the Property. According to the Parish, the mobile home was unlawfully placed on the Property without the required permit. In support,

the Parish introduced Terrebonne Parish Code of Ordinances, Sections 105.1 and

114.1 at trial, which provide as follows:

> *105.1 Required.* Any owner, or authorized agent who intends to construct, enlarge, alter, repair, move, demolish, or change the occupancy of a building or structure, or to erect, install, enlarge, repair, remove, convert, or replace any electrical, gas, mechanical, or plumbing system, the installation of which is regulated by this code, shall first make an application to the jurisdiction and obtain the required permit.

> *Section 114.1 Unlawful Acts.* It shall be unlawful for any person, firm or corporation to erect, place, construct, alter, extend, repair, move, remove, demolish or occupy any building, structure or equipment regulated by this code, or cause or counsel same to be done, in conflict with or in violation of any of the provisions of this code. Any violation of this code shall be deemed a strict liability offense.

Through the testimony of defendant, the Parish unequivocally established that

defendant did not obtain a permit prior to causing the mobile home to be delivered

to his Property, which was in direct contravention of the applicable ordinances.

Additionally, the Parish asserted that the placement of the mobile home on the

Property violates applicable zoning laws. Terrebonne Parish Code of Ordinances,

Section 28-47, provides, in pertinent part, as follows:

> (a) *R-1 Districts: Single-Family Residential Districts.* These districts are composed mainly of areas containing one-family dwellings and open areas where similar residential development seems likely to occur; few two-family and multiple-family dwellings are found in these areas. The district regulations are designed to protect the residential character of the areas by prohibiting all commercial activities, to encourage a suitable neighborhood environment for family life by including among the permitted uses such facilities such as schools and churches and to preserve the openness of the areas by requiring certain minimum yard and area standards to be met.

Section 28-47(a)(1)a. further lists the only permitted uses by right: accessory use,

residential/single family residential, accessory dwelling unit, agriculture, nameplate,

and community recreation. While other uses are permitted with planning approval

or special exception grants, including cemeteries, churches, fire stations, and nursing

homes, these additional uses are specifically enumerated. Section 28-47(a)(1)b. and

Section 28-47(a)(1)c. Residential mobile homes are noticeably absent from any of

the permitted uses in R-1 Districts. Mobile homes, however, are permissible by right in R-3 Districts as provided in Terrebonne Parish Code of Ordinances, Section 28-47(d)(1)a. and are permissible only by grants of special permission in R-2 and R-2M Districts as provided in Sections 28-47(b)(1)c. and 28-47(c)(1)c. respectively.

According to the testimony of the Parish's witnesses and the exhibits introduced by the Parish, defendant's Property is, in fact, located within an R-1 District, which does not allow residential mobile homes as a permitted use of the Property. Prior to September 8, 1999, the Property was zoned as an R-3 District, which would have permitted the installation of a mobile home.[3] However, Christopher Pulaski, Director of Planning and Zoning for the Parish, testified that defendant's Property was rezoned as an R-1 District on September 8, 1999, upon the ratification of Terrebonne Parish Code of Ordinances, Ordinance No. 6111. The Parish's maps, which are utilized by the Parish's employees as well as members of the public, failed to capture the rezoning, and the Property was incorrectly identified as R-3 on the Parish's maps until May 6, 2019, when the error was realized and corrected. Notwithstanding the fact that the maps incorrectly identified the zoning districts applicable to defendant's Property, Ordinance No. 6111 has remained in effect since September 8, 1999. Once an area has been zoned for a specified purpose, it is restricted in use to whatever use is set out in that classification. Kirk v. Town of Westlake, 387 So. 2d 1157, 1159 (La. 1980).

The Parish submitted that, after establishing that defendant was in violation of the parish zoning ordinances and failed to obtain a permit before moving a mobile home onto the Property, it proved by a preponderance of the evidence that it was entitled to the mandatory preliminary injunction requiring defendant to remove the mobile home. While defendant argued and presented testimony at the hearing that

---

[3] According to the testimony, only a certain class of mobile homes are permitted to be moved into Terrebonne Parish while other classes are no longer permitted in the parish.

7

Parish employees, in reference to the mobile home, told him the Property was zoned as an R-3 District, nothing was presented to show that the ordinances were not valid or not applicable to the Property. City of Baton Rouge/Parish of East Baton Rouge v. Myers, 13-2011, p. 5 (La. 5/7/14), 145 So. 3d 320, 327 ("All ordinances are presumed valid[.]"). Defendant further testified that the Parish provided incorrect zoning information to him and has maintained incorrect information on their maps for nearly twenty years. Notwithstanding, defendant never obtained a permit in order to place the mobile home on the property and was never denied a permit due to zoning issues prior to moving the mobile home.

A mobile home is not permitted, under any circumstances, in R-1 Districts. Terrebonne Parish Code of Ordinances, Section 28-47(a). The Property is located in an R-1 District, and defendant caused a mobile home to be placed on the Property, which itself is a violation of the local ordinances. Moreover, even if the applicable zoning ordinances allowed mobile homes, defendant failed to obtain the necessary permit to move the mobile home onto the Property. The Parish properly notified defendant pursuant to formal notices on two separate occasions of the violations with instructions to remove the mobile home from the Property. The Parish then instituted this action under Terrebonne Parish Code of Ordinances, Section 114.3, which authorizes the Parish to "institute the appropriate proceeding at law or in equity to restrain, correct or abate [a] violation," and under La. C.C.P. art. 3601, et seq.

At the evidentiary hearing, the Parish proved by a preponderance of the evidence that it was entitled to the mandatory preliminary injunction requested in this case. The Parish established that there was an unpermitted mobile home on the Property and that the applicable Parish zoning ordinances did not allow a mobile home on the Property. Because the mobile home's placement is in direct violation

8

of the law, the Parish, in its exercise of its police powers,[4] is entitled to a mandatory injunction to undo what has been illegally done. See Concerned Citizens, 04-0270 at pp. 6-7, 906 So. 2d at 664; City of Baton Rouge v. Causey, 380 So. 2d 136, 136 (La. App. 1st Cir. 1979), writ denied, 383 So. 2d 24 (La. 1980) ("It is well settled that a municipality has the right to enjoin violations of a zoning ordinance.") Based on the undisputed facts of this case, the trial court committed legal error in failing to grant the injunction and ignoring the applicable local ordinances.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's August 30, 2019 judgment, denying injunctive relief, and remand this matter to the trial court to render judgment, granting Terrebonne Parish Consolidated Government's mandatory preliminary injunction and ordering defendant, Kerry Carter, to remove the mobile home from the Property, which bears the municipal address of 539 Andrew Street, Houma, Louisiana 70360, and further proceedings in accordance with our opinion herein.

**REVERSED AND REMANDED.**

---

[4] Police power encompasses the protection of the health, welfare and property of the citizens and the preservation of good order and public morals. Hildebrand v. City of New Orleans, 549 So.2d 1218, 1224-25 (La. 1989). Moreover, local governments are permitted to adopt regulations for land use and zoning, which authority is expressly declared to be a public purpose. La. Const. art. VI, § 17.