STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0036

IKEAL DAVENPORT

VERSUS

YUSEF CHEW AND THE CITY OF BAKER

Judgment Rendered: **SEP 1 5 2023**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 714088

Honorable Wilson E. Fields, Judge Presiding

* * * * *

| | |
|---|---|
| Mary E. Roper<br>Baton Rouge, LA<br>-and-<br>Heidi M. Vessel<br>Zachary, LA | Attorneys for Plaintiff-Appellant,<br>Ikeal Davenport |
| Yusef Chew<br>Baker, LA | Defendant-Appellee,<br>*Pro Se* |
| Kenneth R. Fabré<br>Baker, LA | Attorney for Defendant-Appellee,<br>City of Baker |

* * * * *

BEFORE: MCCLENDON, HESTER, AND MILLER, JJ.

**HESTER, J.**

Plaintiff, Ikeal Davenport, appeals a judgment of the trial court denying his petition for permanent injunction against defendants, the City of Baker and Yusef Chew. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On December 14, 2021, plaintiff filed a petition for temporary restraining order, preliminary injunction, and permanent injunction against both the City of Baker (the "City") and Mr. Chew, alleging that the defendants were in violation of the Code of Ordinances for the City of Baker relative to Mr. Chew's plans for the construction of a building.[1] Plaintiff contended that Mr. Chew failed to obtain required permits and inspections and failed to meet all conditions and legal requirements necessary for the construction of the building. Plaintiff also contended that the City committed "malfeasance and fail[ed] to enforce relevant ordinances" in the Code of Ordinances for the City of Baker. As a result of the alleged violations and Mr. Chew's proposed construction, plaintiff contended that water runoff and drainage problems would occur and negatively impact neighboring properties, including his own. Plaintiff prayed that judgment be entered against Mr. Chew and the City "permanently retraining, enjoining[,] and prohibiting them from proceeding with any construction on the aforementioned property" and further sought all costs of the proceeding, including attorney fees, damages, and sanctions for the violation of the Code of Ordinances.

The trial court did not issue a temporary restraining order and, instead, set the preliminary injunction for hearing. The trial court ultimately denied the preliminary injunction on February 24, 2022. The matter was set for trial on the merits of the

---

[1] Mr. Chew answered the petition, denying all allegations, and filed a reconventional demand against plaintiff. Mr. Chew's reconventional demand is not a part of this appeal.

The record does not contain any responsive pleadings filed on behalf of the City.

2

permanent injunction on July 12, 2022, by which date the building construction had been completed about three months prior. At the conclusion of the trial, the trial court found as follows:

> Plaintiff put forth testimony through Mr. Davenport [who] believes that [the building] that [Mr. Chew] has built has violated some city ordinance of Baker. The ordinance determines the building setback for one to build their residen[ce]. ... This particular area in question had ... already been zoned. It was some debate or talk about whether or not it was R2 or just R or residential, so Mr. Chew is correct in going to the city to get permits to build whatever he deemed to build based on that zoning, and the city is correct in issuing permits based off what is presented to them. The issue [that] comes up is whether or not Mr. Chew followed the regulations and rules in terms of building his structure, whether or not he had to abide by a five-feet setback. The court finds that yes, he had to abide by the five-feet setback. However, there is nothing in the record for this court to be able to view and say that Mr. Chew's structure is beyond the five-feet setback. ... counsel ... wanted to introduce [the surveyor's] survey. However, the surveyor needed to be present for that to be placed into the record. There were some pictures introduced in terms of the current structure and the development of the structure, but this court can't determine based off pictures whether or not he's within that five-feet setback or not. ... the court doesn't feel like the plaintiff met [his] burden to show that Mr. Yusef Chew is not in compliance with the building permit that was issued by the City of Baker. The court finds that the City of Baker did not violate any of their own ordinance[s] or anything in terms of their regulation[s] in issuing the permit. So, therefore, the court is going to deny the injunction filed by the plaintiff, and the plaintiff is to bear all costs of these proceedings.

The judgment denying the petition for permanent injunction was signed on September 7, 2022, and this appeal followed.

## LAW AND ANALYSIS

The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss, or damage to the applicant. **Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority**, 2004-0211 (La. 3/18/04), 867 So.2d 651, 655; La. Code Civ. P. art. 3601.[2] The writ of injunction is a harsh, drastic, and extraordinary remedy, which

---

[2] Despite plaintiff's argument in brief, La. Civ. Code art. 779 is not applicable to the facts of this case. Article 779 provides that building restrictions may be enforced by mandatory and prohibitory injunctions without regard to the limitations of Article 3601 of the Code of Civil Procedure. However, there are no building restrictions at issue in this suit. Building restrictions

should only issue in those instances where the moving party is threatened with irreparable loss or injury and is without an adequate remedy at law. **Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa**, 2004-0270 (La. App. 1st Cir. 3/24/05), 906 So.2d 660, 664. Irreparable injury means the loss cannot be adequately compensated through money damages or measured by a pecuniary standard. **Id**. However, a petitioner is entitled to injunctive relief without the requisite showing of irreparable injury when the conduct sought to be restrained is unconstitutional or unlawful, *i.e.*, when the conduct sought to be enjoined constitutes a direct violation of a prohibitory law and/or a violation of a constitutional right. **Id**.

Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury, loss, or damage if the injunction does not issue and must show entitlement to the relief sought. This must be done by a *prima facie* showing that the party will prevail on the merits of the case. **State Mach. & Equip. Sales, Inc. v. Iberville Parish Council**, 2005-2240 (La. App. 1st Cir. 12/28/06), 952 So.2d 77, 81. However, the issuance of a permanent injunction takes place only after a trial on the merits, in which the burden of proof must be founded on a preponderance of the evidence. **Id**. The manifest error standard is the appropriate standard of review for the issuance or denial of a permanent injunction. See **Id**.

In addressing plaintiff's first assignment of error that the trial court erred in denying the permanent injunction, we first note that the specific injunctive relief sought by plaintiff was to enjoin defendants from proceeding with any construction on Mr. Chew's property. However, plaintiff testified that a building now existed on the property, of which he took pictures approximately two weeks prior to the trial, which were admitted into evidence. Additionally, the testimony of Mr. Chew

---

are charges *imposed by the owner of an immovable* in pursuance of a general plan governing building standards, specified uses, and improvements. La. Civ. Code art. 775.

4

established that the construction of the building was completed about three months prior to the trial on the permanent injunction.

In light of the present posture of this case, and at the time of trial, plaintiff's claim for injunctive relief, as requested, is moot. A case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. **Standard Mortgage Co. v. Bey**, 2020-0978 (La. App. 1st Cir. 5/27/21), 327 So.3d 35, 39. It was impossible for the trial court and is impossible for this court to issue the permanent injunction requested by plaintiff − to enjoin defendants from proceeding with any construction on Mr. Chew's property. The construction of the building on Mr. Chew's property is an established fact. Accordingly, we find no error in the trial court's refusal to grant injunctive relief.

Moreover, we find no manifest error in the trial court's determination that plaintiff failed to meet his burden of proof of establishing that defendants violated City ordinances. As noted by the trial court in its oral reasons, plaintiff failed to carry his burden of proof, by a preponderance of the evidence, that the act he sought to enjoin was unlawful, *i.e.*, that Mr. Chew's building was constructed in violation of the setback lines for residential properties.[3] No testimony or evidence was

[3] Section 27-41 of the Code of Ordinances for the City of Baker sets forth the minimum building setbacks within an applicable zoning district. All single-family residential zoning districts, besides district R-1, have a minimum side setback of 5 feet. According to Section 27-2, "setback" means the "horizontal distance between the property line and the building foundation line."

It is noted that the Building Permit obtained by Mr. Chew from the City indicates that the width of the lot was 40 feet. Mr. Chew testified that the applicable setback was zero on each side and twenty feet from the front. According to the zoning schedule set forth in Section 27-41, these measurements are the setbacks for property zoned R-7 (zero lot line residential). The minimum width of a lot for zero lot line residential property is 40 feet pursuant to Section 27-41. While plaintiff attempted to establish the applicable zoning classification of the property (claiming it was zoned as R-2 (single family residential) and requiring a minimum lot width of 70 feet), no evidence or testimony established this fact. The trial court sustained the City's objection to the introduction of purported zoning map into evidence.

5

admitted into evidence establishing the actual setback measurements on Mr. Chew's property.[4]  Accordingly, plaintiff's first assignment of error lacks merit.

In his second assignment of error, plaintiff maintains that the trial court erred in failing to award damages to plaintiff.  In light of plaintiff's failure to meet his burden of proof at trial, there is no basis on which to award plaintiff damages.  Therefore, we do not find any error in the trial court's failure to award same.  Plaintiff's second assignment of error also lacks merit.

## CONCLUSION

For the reasons herein assigned, the trial court's September 7, 2022 judgment denying plaintiff's petition for permanent injunction is affirmed.  All costs of this appeal are assessed to plaintiff.

**AFFIRMED.**

---

[4] While plaintiff attempted to introduce the survey performed by Alvin Fairburn & Associates, LLC, the City objected and the trial court sustained the objection.  Plaintiff assigned no error as to this ruling on appeal.

6